GARDEN, JUDGE:
On the afternoon of August 12, 1976, the claimant, having finished his workday in Thomas, West Virginia, was returning to his home in Parsons, West Virginia. He was traveling in a southerly direction on State Route 219, operating a Suzuki 380 motorcycle which he had purchased new for a price of about $1,100.00. At the time of the accident, he was heading down a rather mountainous stretch of Route 219, had just negotiated a turn, commonly referred to by denizens of the area as “Wild Mackey Turn”, and was proceeding on a descending, relatively straight stretch of road. Claimant testified that he was traveling at a speed of 50 miles per hour and that the posted speed limit was 55 miles per hour. As he entered a shaded section of the road, he suddenly encountered, in his lane of travel, three or four “bumps or humps” which were from eight to ten inches in height. He stated that he saw these bumps or humps when he was three or four feet from them, and that, while he applied his brakes, he was unable to avoid striking them. As a result, he was thrown from his motorcycle, and both he and the motorcycle slid on the aspnalt roadway some 50 feet. The claimant suffered lacerations and abrasions to his hands, arms, and legs, and the motorcycle was badly damaged. Claimant was taken from the scene of the accident to his home in Parsons, and from there to the Memorial General Hospital in Elkins where he was treated for his injuries. There was no testimony to the contrary; therefore, the Court assumes that his recovery was uneventful and that the injuries were not permanent in nature.
*84 Claimant further testified that he returned home, and, accompanied by his wife, went back to the scene of the accident. He stated that there were no signs erected either north or south of the accident site warning motorists of a construction area. Mary Jane Barkley, the claimant’s wife, testified and confirmed her husband’s testimony with regard to the absence of signs and the existence of the three or four bumps or humps in the road. Charles Lansberry also testified on behalf of the claimant, stating that he saw the claimant and his wife at the accident scene shortly after 6:00 p.m., and, at that time, the claimant was bandaged and covered with tar. He, too, confirmed the absence of any signs and the existence of the bumps or humps. Mr. Lansberry further stated that he had driven over this particluar road two days prior to claimant’s accident and had observed these bumps. He said that “it was pretty rough”.
Robert Cooper, a foreman for respondent in Tucker County, testified that he was in charge of a crew working on Route 219, and they were straightening two curves in the road just south of the point of the accident. He indicated that this work was started in the spring of 1976 and was not completed until sometime subsequent to the accident date. Mr. Cooper stated that “Construction Area Ahead” signs were posted on the date of the accident, one of which was for southbound traffic placed just after “Wild Mackey Turn”. He further stated that “Rough Road” signs had been erected in the area, but they had been removed prior to the date of claimant’s accident. He denied having any knowledge of the existence of the bumps or humps as described by the claimant and his witnesses, although he indicated that the, area where his crew was working on August 12 was 75 to 80 yards south of the accident scene.
Claimant testified that, in his opinion, the motorcycle had a fair market value of $900.00 on the date of the accident, but he expressed no opinion as to its value after the accident. An estimate of repairs from Parson’s Indian Sales in the amount of $673.40 was introduced into evidence. No medical expenses were incurred, the same having been paid by welfare. Claimant was earning $3.00 per hour at his place of employment in Thomas and was unable to work for six days. His loss in wages amounted to $144.00.
We are of the opinion that the evidence in respect to the negligence of the respondent preponderates in favor of the claimant. In addition, the respondent’s failure to maintain this particular portion of Route 219 in a reasonably safe condition and its failure to erect any signs to warn motorists of the unsafe condition of the road constituted negligence. On the other hand, *85 the Court is of the further opinion that the claimant was guilty of negligence. He traveled this road five times a week, and certainly knew, or should have known, of the construction going on in this particular area and the rough condition of the road. Yet, he proceeded down this mountainous road on a motorcycle at a speed of 50 miles per hour. If the West Virginia Supreme Court of Appeals had not, on July 10,1979, judicially embraced the doctrine of comparative negligence in the case of Bradley v. Appalachian Power Company, 256 S.E. 2d 879 (1979), we would deny recovery on the basis of the claimant’s contributory negligence. While the claimant was, in our opinion, negligent, such negligence did not equal or exceed the negligence of the respondent. The Court believes that the respective negligence of the parties is as follows: claimant - 40 per cent, and respondent - 60 per cent.
The Court is of the further opinion that this claim, considering claimant’s pain and suffering, the damage to his motorcycle, and his loss of wages, has a value of $1,800.00. Reducing this figure by 40 per cent, we hereby make an award to the claimant in the amount of $1,080.00.
Award of $1,080.00.