RULEY, JUDGE:
On February 21, 1980, at approximately midnight, the claimant was driving his 1978 Ford Thunderbird on Route 65, Mingo County, West Virginia. He was travelling from his place of employment, Goff Brothers Coal Co., Inc., of Delbarton, West *455 Virginia, to his home in Pilgrim, Kentucky. In the vicinity of Naugatuck, West Virginia, claimant’s car struck a pothole and he lost control of the car, going into a gully, then back across the road and down an embankment. The claimant sustained numerous injuries, which included a broken back, ribs, and ankle, and a lacerated nose. He was placed in a body cast for six weeks, and continues to use a back brace intermittently. The claimant alleges that respondent negligently failed to maintain this section of Route 65, and this failure was the proximate cause of claimant’s injuries. He seeks an award of $200,000.00.
Claimant testified that he had travelled on Route 65 twice daily since June 1978. During that period, broken pavement and potholes had existed in the area where the accident occurred. The berm had begun to slip and the condition of the road had continued to deteriorate. He stated that it was possible for two vehicles to pass one another only at a slow rate of speed. He was travelling 20-25 mph at the time of the accident. The road was repaired once that he could remember, but after several weeks, the potholes began to reappear and the deterioration progressed.
James Webb, assistant supervisor for Mingo County in February 1980, testified that all of Route 65 in Mingo County was repaired during the summer of 1979. Mr. Webb said that he had been aware of the road’s condition in 3979 and had watched the slip after the repair. He stated that Route 65 is heavily travelled, but he did not know whether there had been complaints about potholes prior to February 1980. Photographs taken after the accident show a sizable patch in the road covering all of one lane and part of the other.
In sum, it appears from the evidence that the accident was caused both by the respondent’s negligence in failing to exercise reasonable care in the maintenance of the highway and by the contributory negligence of the claimant who, though being aware of the hazardous condition of the pavement at the place where the accident happened, nonetheless drove onto it at a speed great enough that he was unable to maintain control of his car. We are disposed to allocate the negligence *456 of the parties, respectively, at 60% to the respondent and 40% to the claimant. Barkley vs. Dept. of Highways, 13 Ct.Cl. 83 (1979).
The parties stipulated the following damages: lost wages of $12,597.12 and medical expenses of $2,894.80. Claimant testified that his automobile was totalled, but he received $4,800.00 from his insurance company. He had a $500.00 deductible on the car. A medical evaluation by Dr. H. M. Hills, Jr., resulted in the determination that the claimant has a 20% permanent partial disability as a result of his injuries. The Court determines that $24,676.32 is a fair and just award, based on claimant’s economic losses and his pain and suffering. Reducing this amount by 40%, we award the claimant $14,805.79.
Award of $14,805.79.